**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BETTY CAROL CABE, AKA Elizabeth Cabe Baez, AKA Elizabeth Carol Cabebaez, AKA Elizabeth Duran, | No. 09-70767 |
| Petitioner, | Agency No. A031-102-359 |
| v. | MEMORANDUM* |
| ERIC H. HOLDER, Jr., Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted October 11, 2011
San Francisco, California

Before: B. FLETCHER, REINHARDT, and TASHIMA, Circuit Judges.

Elizabeth "Betty" Cabe, a native of Thailand, petitions for review of the

Board of Immigration Appeals' decision dismissing her appeal. Cabe appealed the

Immigration Judge's denial of her motion to terminate proceedings, and denial of

her applications for asylum, withholding of removal, and protection under the

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252(b)(5)(A). We deny the petition for review.

First, Cabe argues that she is a United States citizen. Cabe was born in Thailand on August 25, 1966. Cabe's mother, who was a Thai citizen, listed an American member of the armed forces as Cabe's father on the birth certificate. Cabe's father left Thailand before her birth, and since then neither Cabe nor any member of her family has ever contacted him. Cabe's mother later married a different American serviceman. Cabe's step-father adopted Cabe and her siblings, and in 1972 he brought her into the United States as a lawful permanent resident.

Cabe's primary argument on appeal is that she automatically acquired citizenship through her step-father. Cabe argues that under these facts she meets the statutory requirements for automatic citizenship under the Child Citizenship Act of 2000 ("CCA"), 8 U.S.C. § 1431. In *Hughes v. Ashcroft*, 255 F.3d 752, 760 (9th Cir. 2001), however, we held that "the CCA granted automatic citizenship only to those children who were under the age of 18, and who met the other criteria, on February 27, 2001," the effective date of the CCA. Cabe was 34 years old when the CCA became effective. Cabe attempts to avoid this limitation on the reach of the CCA by arguing that *Hughes* was wrongly decided and that Congress intended the CCA to apply retroactively. But we are bound by the earlier

precedential decision of this court. Because Cabe was 34 years old on February 27, 2001, she cannot derive citizenship under the CCA.

We also reject Cabe's arguments that she is eligible for asylum, withholding of removal, and relief under CAT. Cabe's conviction for an aggravated felony bars her from asylum relief. *See* 8 U.S.C. § 1158(b)(2). And while she suffers from bi-polar disease, suffers seizures as a result of domestic violence, and her entire family is located in the United States, Cabe has presented no evidence that compels the conclusion that she would be subject to persecution or torture in Thailand on the basis of her Amer-Asian ethnicity or her medical issues. *See Bromfield v. Mukasey*, 543 F.3d 1071, 1076, 1079 (9th Cir. 2008).

**PETITION FOR REVIEW DENIED.**